IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ISIDRO ALCANTARA-MONTIEL, et al. | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. NO.7:11-cv-58-HL |
| R & H FARMS, INC., RANDY H. HIERS, SR., and NORADINO RODRIGUEZ, | : |
| Defendants. | : |

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In the Matter of | : |
| RANDY H. HIERS, SR., | : Case No.  11-bk-70517-JTL |
| Debtor. | : Chapter 12 |
| ISIDRO ALCANTARA-MONTIEL, et al. | : |
| Plaintiffs, | : |
| v. | : Adv. Proc. No. 11-7017 |
| RANDY H. HIERS, SR. | : |
| Defendant. | : |

**Consent Judgment and FLSA Determination**

Plaintiffs and Defendants Randy H. Hiers, Sr., and R & H Farms, Inc. ("Hiers Defendants") agree to resolve all disputes and enter into the following Consent Order. Upon

1

consideration of the parties' joint motion for entry of a Consent Judgment, the Court makes the following findings of fact and conclusions of law, and directs the Clerk to enter judgment against the Hiers Defendants and in favor of Plaintiffs in the sum of $24,000 plus an additional $1,000 in costs.

1. It is understood and agreed that the Court shall enter this agreement as a Consent Judgment and that the parties agree to use their best efforts to obtain entry of this Consent Judgment by the District Court and Bankruptcy Court in the appropriate cases. This Court retains jurisdiction through December 31, 2015, for the purpose of enforcing the terms of this Consent Order, including any necessary collection actions.

2. The Hiers Defendants admit violating the Fair Labor Standards Act as alleged in Count One of the Amended Complaint. [Doc. 16.] The Court accordingly finds that the Hiers Defendants violated the Fair Labor Standards Act by failing to pay Plaintiffs for all hours worked during the 2008, 2009, and 2010 growing seasons.

3. Judgment shall be entered against the Hiers Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of $25,000. The figure represents $20,000 to be paid by Defendant Randy H. Hiers, Sr., and $5,000 to be paid by Defendant Noradino Rodriguez. This designation notwithstanding, the Hiers Defendants understand that this obligation to pay is joint and several. The payments will be distributed to Plaintiffs in the following amounts:

| | | |
|---|---|---|
| Isidro Alcantara Montiel | $ | 944.21 |
| Gelacio Allende Martinez | $ | 968.90 |
| Gustavo Martin Alvarez Chaires | $ | 1,070.15 |
| German Baltazar Lopez | $ | 710.03 |

| | | |
|---|---|---:|
| Ernesto Castillo Cova | $ | 1,092.25 |
| Bacilio Escamilla Hernandez | $ | 1,014.22 |
| Dolores Garcia Najera | $ | 912.85 |
| Alfredo Adrian Garcia Simental | $ | 897.54 |
| Ricardo Gonzalez Mendoza | $ | 1,020.77 |
| Roque Gonzalez Trejo | $ | 553.13 |
| Hector Hernandez Hernandez | $ | 907.64 |
| Alejandro Hernandez Marcelo | $ | 518.12 |
| Homero Loya Blanco | $ | 456.86 |
| Jose Alejandro Lozano Favela | $ | 875.25 |
| Hector Manuel Martinez Gomez | $ | 987.33 |
| Gil Mendoza Chavez | $ | 1,216.64 |
| Jose Manuel Piñeda Mesa | $ | 314.03 |
| Armando Rubio Rubio | $ | 985.76 |
| Salvador Rubio Rubio | $ | 987.33 |
| Julio Servin Carreras | $ | 978.46 |
| Francisco Servin Torres | $ | 917.32 |
| Jose de Jesus Servin Torres | $ | 917.32 |
| Macario Servin Torres | $ | 917.32 |
| Antonio Torres Clavijo | $ | 811.07 |
| Felix Valdez Martinez | $ | 1,002.65 |
| Pedro Valdez Martinez | $ | 1,011.44 |
| Victor Valdez Martinez | $ | 1,011.44 |
| | | |
| Total | $ | 24,000.00 |

4.  Plaintiffs' counsel, the Farmworker Rights Division of the Georgia Legal Services Program, are hereby awarded costs against the Hiers Defendants, jointly and severally, in the amount of $1,000.

5.  The Hiers Defendants acknowledge and agree that this judgment is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6). The Hiers Defendants agree that the risk of using substantial resources of their estates for attorneys' fees and litigation costs in the trial in the district court and bankruptcy court of *Alcantara-Montiel et al. v. R & H Farms, Inc., et al.,* justifies immediately consenting to this judgment to best preserve their resources, including the bankruptcy estate of Defendant Randy H. Hiers, Sr. Defendant Randy H. Hiers, Sr., further agrees that this judgment should be paid as a priority unsecured class, payable at 100% of the liquidated value because of the substantial likelihood that significant administrative expenses would be used in defending these cases and would thus reduce resources available for all unsecured creditors.

6.  Defendant Randy H. Hiers, Sr., shall make annual payments of $10,000 to Plaintiffs payable to the Plaintiffs and Georgia Legal Services Program Client Trust Account on or before January 31 beginning in 2013 and payable every year thereafter until the all amounts due under paragraphs 3 and 4 of this Judgment are paid in full.

7.  The Hiers Defendants agree that they will not conduct business using the current assets of the Hiers Defendants in any form other than the corporate form that already exists (R & H Farms, Inc.), unless any new corporate entity or business operation agrees that the liabilities of R & H Farms, Inc. will be transferred to the new entity or business operation.

8. The Hiers Defendants are ordered to comply with their employer obligations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The Court enjoins the Hiers Defendants from charging any fees to workers that cause their wages to fall under the minimum wage, as required by 29 U.S.C. § 206(b) and 29 C.F.R. § 531.35. The Hiers Defendants are further ordered to comply with their employer obligations under the H-2A program not to seek or receive any 'kickback' payments from workers, 20 C.F.R. § 655.122(p)(2) and 20 C.F.R. § 655.135(j) (2010), and to contractually forbid any recruiter from seeking or receiving payments from perspective employees. 20 C.F.R. § 655.135(k) (2010). The Court further enjoins Defendants from retaliating or discriminating against any participant in these actions in violation of 29 U.S.C. § 215(a)(3). The Hiers Defendants will not retaliate or discriminate against any worker in violation of 29 U.S.C. § 215(a)(3) or 20 C.F.R. § 655.135(h) (2010).

9. In the event that the Hiers Defendants resume growing produce, the Hiers Defendants shall operate their produce growing agricultural operations as follows:

    a. The Hiers Defendants agree to take all necessary steps to qualify for and meet their farm worker hiring needs through the H-2A visa program.
    
    (1) The Hiers Defendants agree to apply for an H-2A job order in their name and to rehire as H-2A workers any Plaintiff who expresses a desire to work by sending a fax to the Hiers Defendants or submitting their names through Plaintiffs' counsel. The Hiers Defendants agree to pay Plaintiffs their weekly wages and all reimbursements directly and to make arrangements for checks to be cashed without charge to workers or kickbacks to the Hiers Defendants, or their agents or employees.

b.        The Hiers Defendants shall continue to comply with the FLSA and the H-2A program regulations, where applicable, and the specific sections at issue in this lawsuit, including the following description of what costs are to be reimbursed in the first work week:

>  (1)    The Hiers Defendants will properly record and compensate for all compensable work performed in the field or packing shed, including all compensable time spent planting or harvesting, time spent traveling between fields or work locations, and time workers are engaged to wait, under either or both the highest applicable wage rate of the Fair Labor Standards Act, 29 U.S.C. §206(a), and the H-2A program's Adverse Effect Wage Rate, 20 C.F.R. §§ 655.103(b) and 655.122(l) (2010);
>
>  (2)    The Hiers Defendants will specifically make, keep and preserve the start and stop time for all field and packing shed workers and will record the actual start and stop times of any non-compensable meal breaks in accordance with 29 C.F.R. § 785.18;
>
>  (3)    The Hiers Defendants will comply with his Fair Labor Standards Act's obligations to reimburse in the first work week of each season each worker who has incurred costs to come to work for the employer, including transportation costs (both travel and subsistence expenses), lodging costs, visa, visa reciprocity and visa application fees, and recruitment and processing fees.
>
>  (4)    The Hiers Defendants will contractually forbid any recruiter from seeking fees from prospective workers and will actively monitor whether any such unlawful fees have been charged to ensure that workers receive their full wages without deductions.

c.        The Hiers Defendants agree that Plaintiffs and other H-2A employees will have

open and regular access to counsel and may meet counsel during their off hours at the farm's barracks.

d.      The Hiers Defendants agree they will not employ Defendant Noradino Rodriguez in any capacity, regardless of whether they are growing produce. The Hiers Defendants further agree that if asked by other employers, they will inform them of this suit and its allegations concerning Mr. Rodriguez.

10.     This Consent Order constitutes the entire agreement between and among the parties, and no change or additional term shall have any force or effort unless written and signed by all parties or their authorized counsel and entered by the Court.  No oral understandings, statements, promises or inducements contrary to the terms of this agreement exist.

11.     In consideration of the monetary and non-monetary provisions of this Consent Order, Plaintiffs and the Hiers Defendants resolve their dispute and agree to dismissal of the claims in this suit with prejudice. Plaintiffs further agree that they hereby release and discharge any other claims which could have been brought relating to their pay or recruitment while employed by the Hiers Defendants in 2008 through 2010 or which necessarily should have been brought as part of the claims asserted in this suit. In the event of a default by the Hiers Defendants of any provision of this Consent Order, Plaintiffs shall serve the Hiers Defendants and Defendants' attorney with a notice of default by regular mail and fax transmittal to Bruce Warren at (229) 228-9014. The Hiers Defendants shall have forty five (45) days to cure any monetary default. In the event the the Hiers Defendants fail to make any of the above payments, then, upon written notice to the Hiers Defendants and Defendant's counsel, Bruce Warren, Plaintiffs' judgment shall be immediately due in the entire amount contained in paragraphs 3 and 4, less credit for

any payments made pursuant to this order, plus interest from the date of this agreement at the federal post-judgment interest rate found at 28 U.S.C. § 1961.

12. This Consent Order is to be construed and governed under the laws of the state of Georgia and shall bind the parties and their respective heirs, estates, successors, assigns, and affiliates. If any provisions are determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect.

13. Respective counsel for the parties have express authority to enter into this Consent Order on behalf of their clients, pursuant to O.C.G.A. § 15-19-5.

Having scrutinized the settlement and determined that the settlement is fair and reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) as Plaintiffs are receiving adequate compensation for their lost wages, including attorneys' fees and costs, IT IS THEREFORE ORDERED that all foregoing terms and conditions be, and the same are, hereby approved and incorporated fully into this Order.

IT IS FURTHER ORDERED that this Court will retain jurisdiction for the purpose of enforcing this Consent Order, all terms and conditions of which are adopted by the Court and hereby made the Order of this Court.

     SO ORDERED this 25th day of October, 2012.

     */s/ Hugh Lawson*
     HUGH LAWSON
     JUDGE, U.S. DISTRICT COURT
     MIDDLE DISTRICT OF GEORGIA